# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **STATE OF MISSOURI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 4:06-CV-1070-AGF |
| ) | |
| **HERMAN STAPLES,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Herman Staples for leave to remove a state court action to this Court without payment of the required filing fee. *See* 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $47.92 and an average monthly account balance of $8.65. Applicant has insufficient funds

to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.58, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## 28 U.S.C. § 1446(c)(4)

Additionally, 28 U.S.C. § 1446(c)(4) provides that a district court shall examine a notice of removal promptly and, "[i]f it appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

## The notice of removal

Liberally construing the notice of removal, it appears that Staples seeks to remove to the United States District Court for the Eastern District of Missouri a state criminal case, which he alleges has "lingered" since July, 2002. Staples states that he filed a state writ of habeas corpus and filed appeals to the Missouri Court of Appeals, but was denied due process and deprived of equal

protection of the law. Staples alleges that one of the judges on the three-judge panel in the Missouri Court of Appeals had a conflict of interest and should not have heard his case.

**Discussion**

This matter should be summarily remanded back to the Twenty-Second Judicial Circuit (City of St. Louis ) for the State of Missouri.

Staples's claim that this action can be removed pursuant to 28 U.S.C. § 1446 cannot be maintained. The right to remove is statutory and must be strictly construed. "'Due regard for the rightful independence of state governments, . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872 (1941) (*quoting Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703 (1934)) (citations omitted); *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). The Supreme Court, in promoting this policy, resolved doubts in the construction of removal statutes against removal and has refused to expand removal jurisdiction when such expansion could be avoided. *Id*. at 108-09, 61 S.Ct. at 872.

A notice of removal of a criminal prosecution must be filed not later than thirty days after defendant's arraignment or before trial, unless the Court finds good cause to grant defendant leave to file the notice at a later time. 28 U.S.C. § 1446(c)(1). Staples did not file his notice of removal until more than three-and-one-half years after the commencement of the criminal action against him.[1] Thus, Staples's notice of removal was filed far beyond the deadlines set forth in § 1446(c), and the Court finds no good cause for allowing removal at this stage of the proceedings.

Furthermore, to the extent that Staples is, in effect, seeking federal review of a state court's judgment against him, this Court lacks subject matter jurisdiction over the action. *Cf. Ernst*

---

[1]Staples was arraigned on November 27, 2002. *See* www.courts.mo.gov/casenet (*State v. Staples*, No. 22021-02568). On April 28, 2004, a jury found Staples guilty on both counts of the indictment, and, on May 21, 2004, the court sentenced him to four years' imprisonment on count one, to run concurrent with one year's imprisonment on count two. *Id.* On July 25, 2005, the Missouri Court of Appeals affirmed the judgment. *Id*. It appears that Staples's motion pursuant to Rule 29.15, filed June 29, 2006, is pending. *Id.*

3

*v. Child and Youth Serv. of Chester County*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). Staples's attempt to remove this matter is the "functional equivalent" of an appeal from the state court judgment because the Court "can only provide relief by determining that the state court was wrong." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995). As established by the *Rooker/Feldman* doctrine, "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Ace Construction v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001); *see Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 125 S.Ct. 1517, 1521-24 (2005). Staples's claims, challenging his state court conviction and the fairness of the appellate process, are "inextricably intertwined" with claims already adjudicated in state court. Accordingly, he must appeal the state court proceeding, which he alleges violated his constitutional rights, through the state courts and then to the Supreme Court. *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Staples's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that Staples shall pay an initial partial filing fee of $9.58 within thirty (30) days from the date of this order. Staples is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this matter be remanded to the Twenty-Second Judicial Circuit (City of St. Louis ) for the State of Missouri. *See* 28 U.S.C. § 1446(c)(4).

An appropriate order of dismissal will accompany this order and memorandum.

Dated this 25th day of August, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**